UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MICHAEL OUELLETTE | : |
|     Petitioner, | : |
|  | : |
| v. | :    CASE NO. 3:16-cv-1510(RNC) |
|  | : |
| CAROL CHAPDELAINE, WARDEN | : |
|     Respondent. | : |
|  | : |

RULING AND ORDER

Petitioner, a Connecticut inmate, brings this action pursuant to 28 U.S.C. § 2254 seeking review of his state conviction arguing that one of the judges at his bench trial was biased against him. The State has moved to dismiss the petition as time-barred by the one-year statute of limitations. Petitioner admits that the statute of limitations has run but he attributes his failure to file a timely petition to lapses by his former counsel. The State responds that petitioner has not shown extraordinary circumstances justifying equitable tolling. I agree and therefore grant the motion to dismiss without prejudice to the filing of an amended petition containing allegations supporting equitable tolling. In addition, petitioner may amend if he is able to allege facts showing that the petition was filed within one year "of the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

1

Under the Antiterrorism and Effective Death Penalty Act, a state prisoner must file a federal habeas petition within one year of the date the conviction becomes final or the facts supporting the claim could have been discovered through due diligence. See 28 U.S.C. §§ 2244(d)(1)(A), 2244(d)(1)(D). The time period is tolled while a petition for state post-conviction review is pending. Id. § 2244(d)(2).

Petitioner's conviction became final on February 15, 2005, when the ninety-day period for filing a petition for a writ of certiorari expired, and the one-year period began to run at that time (assuming the facts supporting the claim could have been discovered by then through due diligence). The one-year period stopped running on May 12, 2005, when petitioner filed his first habeas petition in state court. At that point, 279 days remained available to petitioner for filing a timely petition. The one-year period began to run again on June 10, 2008, the day after petitioner withdrew the state habeas petition. Petitioner took no further action that would toll the running of the one-year period until July 9, 2009, 394 days later, when he filed a second state petition. In the absence of such action, the one-year period expired on March 15, 2009. Thus, the petition is time-barred unless petitioner can show that he is entitled to equitable tolling (or that the petition is timely under § 2244(d)(1)(D)).

The Supreme Court allows tolling of the statute of limitations in § 2244(d) when a petitioner pursued his rights diligently but some extraordinary circumstance prevented him from filing a timely petition. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is available only in "rare and exceptional circumstances." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). Each petition must be assessed in light of this standard "on a case-by-case basis." Extraordinary circumstances can include serious attorney misconduct or abandonment. Holland, 560 U.S. at 649-52; see also Christeson v. Roper, 135 S. Ct. 891, 894 (2015) (referring to the standard in Holland while discussing conflicts of interest that would arise when habeas counsel fails to satisfy the statute of limitations); Martinez v. Superintendent of E. Corr. Fac., 806 F.3d 27, 31 (2d Cir. 2015) (recognizing that "effective abandonment of the attorney-client relationship" may constitute an extraordinary circumstance) (quoting Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012)). A mere error committed by a petitioner's attorney is not enough, however. Martinez, 806 F.3d at 31 (citing Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003)).

Petitioner does not explain why he took no action between the withdrawal of his first state habeas petition and the filing of the second one. He alleges that he received ineffective assistance from his counsel, but he refers only to Attorney

3

Rozawski, his counsel on the third habeas petition. See Respondent's Mot. Dismiss App. L at 6, ECF No. 21-12 (the petitioner's amended third state habeas petition signed by Attorney Rozawski). Attorney Mullaney, not Attorney Rozawski, represented petitioner before the one-year period expired. See Respondent's Mot. Dismiss Apps. E, F, G, ECF Nos. 21-5, 21-6, 21-7. Petitioner has not alleged that he received incorrect advice from Attorney Mullaney.

It may be that Attorney Rozawski entered into an attorney-client relationship with petitioner between the withdrawal of the first state habeas petition and before the one-year period expired. But there is no indication of that in the record. Moreover, petitioner has not alleged that he received improper advice that caused him to delay filing the second state petition. His allegations refer only to Attorney Rozawski's delay in informing him of the resolution of the third habeas petition. Any improper advice he received at that point cannot support equitable tolling.

Petitioner alleges generally that he received advice that he needed to exhaust state remedies before filing a § 2254 petition in federal court. That advice was not erroneous. See 28 U.S.C. § 2254(b)(1)(A). Even if the advice caused petitioner to think the statute of limitations would not run after he withdrew his initial petition, that would not be the type of extraordinary

4

circumstance required to justify equitable tolling. See Martinez, 806 F.3d 27, 33 n.2 (distinguishing between mere negligence, which includes missing deadlines, and actively impeding a petitioner through abandonment).

The foregoing analysis assumes that the one-year period ran from the date the conviction became final. As mentioned above, a petition is timely if it is filed within one year of the date the factual basis for the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(D). Petitioner does not argue that the petition is timely on that basis. If petitioner believes that the petition was filed within one year of the date that the Judge's alleged bias could have been discovered through due diligence, he may amend his petition to include allegations that would support a finding to that effect.

Accordingly, the motion to dismiss is granted and the petition is denied without prejudice to the filing of an amended petition on or before May 31, 2018.

So ordered this 31st day of March, 2018.

                                         /s/ RNC
                                       Robert N. Chatigny
                             United States District Judge